UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JOHN H. HENDRIX, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 09-2027 |
| BLAGER CONCRETE CO., ) | |
| MCLEAN COUNTY READY MIX CO., ) | |
| and TEAMSTER LOCAL 26, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

In February 2009, Plaintiff John Hendrix filed a *Pro Se* Complaint (#4) against Defendants, Blager Concrete Company, McLean Ready Mix Company, and Teamsters Local 26, alleging violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5) (hereinafter "Title VII"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In February 2009, Defendant Blager Concrete filed a Motion To Dismiss (#15). Plaintiff subsequently filed a memorandum opposing the motion (#18). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#15)** be **GRANTED** in part and **DENIED** in part.

## I. Background

In his complaint, Plaintiff, an African-American, alleges that his employer, Defendant Blager Concrete, discriminated against him based on his race. While he was working for Defendant Blager Concrete as a truck driver, Plaintiff got a traffic ticket because his truck was overweight. His employer did not pay the fine for the ticket, even though it had paid fines for similar tickets received by white truck drivers in the past. Because the fine was not paid,

Plaintiff lost his commercial drivers license. As a result, his employer fired him. Plaintiff alleges that his union, Defendant Teamsters Local 26, "did not push this matter, on my behalf." (#4, p. 8.)

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give a defendant fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). A claim is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory'." *Bell Atl.,* 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that courts should hold allegations of a *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers"). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson*, 148 F.3d at 864. The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

### III.  Analysis

Defendant Blager Concrete argues that Plaintiff's claim is time-barred because Plaintiff failed to file it within 90 days of receiving his right-to-sue letter (titled "Notice of Rights and Dismissal") from the Equal Employment Opportunity Commission (hereinafter "EEOC").

A plaintiff may not bring a Title VII suit in federal court without first filing a timely charge with the EEOC, describing the alleged discriminatory conduct. *Bennett v. Roberts*, 295 F.3d 687, 695 n.6 (7th Cir. 2002) ("As a general rule, before a plaintiff may institute an action in federal court under Title VII, he must file a timely complaint with the EEOC detailing the discriminatory conduct that forms the basis of his allegations."). Plaintiff has 300 days from the date of the alleged discriminatory action to file a charge with the EEOC. 42 U.S.C. § 2000e-5(e). After the EEOC investigates the allegations described in the charge of discrimination, it may send the plaintiff notice of his right to sue. Once a plaintiff receives notice of his right to sue, the plaintiff must file a complaint in court within 90 days. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001); *See EEOC v. Harris Chernin, Inc.*, 10 F.3d 1286, 1288 n.3 (7th Cir. 1993) ("In order to maintain a claim under Title VII, a plaintiff must file charges with the EEOC, receive a Right-To-Sue-Letter, and act upon it.").

Plaintiff filed two charges of discrimination. (#16-2, #16-5.) In Plaintiff's first charge (no. 440-2008-01887), he stated that Blager Concrete discriminated against him based on his race and age when it terminated his employment on December 5, 2007. (*See* #16-2.) The EEOC subsequently sent Plaintiff notice of his right to sue in a letter dated June 18, 2008. (*See* #16-3.) Plaintiff did not file a complaint related to this conduct within 90 days of receiving the right to sue letter as mandated by statute.

The Court agrees that Plaintiff has waived his claims based on this charge of discrimination. Specifically, Plaintiff has waived his claim that Blager discriminated against him by firing him.

Plaintiff's second charge (no. 846-2008-59643) states that Blager Concrete discriminated against him based on his race, age, and retaliation during the period from January 1, 2006, through December 4, 2007. (*See* #16-5.) In the charge, Plaintiff stated as follows: "During my employment, I was subjected to racial harassment and different terms and conditions of employment. I engaged in protected activity. Subsequently, I was discharged. I believe that I have been discriminated against because of my race, Black, and retaliated against for engaging in protected activity . . . ." (#16-5.) Thus, Plaintiff's charge raises four different kinds of conduct, including (1) racial harassment, (2) different terms and conditions of employment, (3) discharge, and (4) retaliation. The EEOC sent Plaintiff his right-to-sue letter related to this charge of discrimination on January 8, 2009. Plaintiff subsequently filed his complaint in federal court on February 2, 2009, well within the statutory 90-day period.

Defendant contends that the second charge of discrimination alleges "nearly identical facts" as Plaintiff's first charge and the "only true difference between the first and second charge of discrimination is the addition of the claim based on retaliation." (#16, p. 4.) As a result, Defendant contends that Plaintiff has waived the claims in the second charge by failing to file a complaint within 90 days of receiving his first right-to-sue letter.

The Court disagrees. The second charge raises claims that are substantively different from those in the first charge. The first charge was limited to Plaintiff's claim of discrimination based on his discharge. As noted above, Plaintiff has waived this claim and the filing of the second charge does not reinstate the claim that Blager discriminated against him by firing him.

However, the second charge of discrimination also describes conduct by Blager that purportedly occurred during the time period from January 1, 2006, through December 4, 2007, including racial harassment, different terms and conditions of employment, and retaliation. But Plaintiff's complaint includes no allegations related to racial harassment or retaliation and the 90-day statute of limitations for filing his claims has run. His complaint also includes no reference to age discrimination. Accordingly, Plaintiff has waived his claims related to racial harassment, retaliation, and age discrimination, and the Court recommends granting the motion to dismiss as to claims raising those issues.

The remaining conduct described in the second charge of discrimination is that Plaintiff was subject to different terms and conditions of employment based on his race. The Court notes that, in addition to alleging that Plaintiff lost his job because Blager did not pay his overweight ticket, Plaintiff's complaint alleges that Blager Concrete paid the fine for tickets received by white truck drivers, but not for Plaintiff. This allegation relates to Plaintiff's statement in his second charge of discrimination that he was subject to different terms and conditions of employment based on his race. Because Plaintiff subsequently filed his complaint within 90 days after he received the right-to-sue letter on his second charge, he has not waived this claim. Accordingly, the Court recommends denying the motion to dismiss as to this claim.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant's Rule 12(b)(1) Motion To Dismiss **(#15)** be **GRANTED** as to claims related to Plaintiff's discharge, retaliation, racial harassment, and age discrimination, and **DENIED** as to Plaintiff's claim that Blager Concrete discriminated against him in the terms and conditions of his employment because of his race.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 28th day of April, 2009.

                                          s/ DAVID G. BERNTHAL
                                          U.S. MAGISTRATE JUDGE