**E-FILED**
Tuesday, 28 April, 2009 10:47:03 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
#### Urbana Division

| | |
|---|---|
| JOHN H. HENDRIX, ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No. 09-2027** |
| BLAGER CONCRETE CO., ) | |
| MCLEAN COUNTY READY MIX CO., ) | |
| and TEAMSTER LOCAL 26, ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In February 2009, Plaintiff John Hendrix filed a *Pro Se* Complaint (#4) against Defendants, Blager Concrete Company, McLean Ready Mix Company, and Teamsters Local 26, alleging violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5) (hereinafter "Title VII"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In March 2009, Defendant Teamsters Local 26 filed a Rule 12(b)(1) Motion To Dismiss (#21). Plaintiff subsequently filed a memorandum opposing the motion (#24).

In his complaint, Plaintiff, an African-American, alleges that his employer, Defendant Blager Concrete, discriminated against him based on his race. While he was working for Defendant Blager Concrete as a truck driver, Plaintiff got a traffic ticket because his truck was overweight. His employer did not pay the fine for the ticket, even though it had paid fines for similar tickets received by white truck drivers in the past. Because the fine was not paid, Plaintiff lost his commercial drivers license. As a result, his employer fired him. Plaintiff alleges that his union, Defendant Teamsters Local 26, "did not push this matter, on my behalf." (#4, p. 8.)

Defendant Teamsters Local 26 contends that the Court lacks subject matter jurisdiction over it because Plaintiff never filed a charge of discrimination against Teamsters Local 26 with the Equal Employment Opportunity Commission (hereinafter "EEOC") or with any other administrative agency.

Plaintiff filed two charges of discrimination.  (#16-2, #16-5.)  Both list only Blager Concrete Company as the discriminating entity.

As Defendant notes, a plaintiff may not bring a Title VII suit in federal court without first filing a timely complaint with the EEOC, describing the alleged discriminatory conduct.  *Bennett v. Roberts*, 295 F.3d 687, 695 n.6 (7th Cir. 2002) ("As a general rule, before a plaintiff may institute an action in federal court under Title VII, he must file a timely complaint with the EEOC detailing the discriminatory conduct that forms the basis of his allegations.").  Here, Plaintiff did not include Teamsters Local 26 as a discriminating party on either of his EEOC charges.  Accordingly, after reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Rule 12(b)(1) Motion To Dismiss **(#21)** be **GRANTED.**

## Summary

For the reasons stated above, this Court recommends that Defendant's Rule 12(b)(1) Motion To Dismiss **(#21)** be **GRANTED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 28th day of April, 2009.

        s/ DAVID G. BERNTHAL
        U.S. MAGISTRATE JUDGE

2