UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JOHN H. HENDRIX, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 09-2027 |
| BLAGER CONCRETE CO., ) | |
| MCLEAN COUNTY READY MIX CO., ) | |
| and TEAMSTER LOCAL 26, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

In February 2009, Plaintiff John Hendrix filed a *Pro Se* Complaint (#4) against Defendants, Blager Concrete Company, McLean Ready Mix Company, and Teamsters Local 26, alleging violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5) (hereinafter "Title VII"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In February 2009, Defendant McLean County Asphalt Company (hereinafter "McLean Asphalt") filed a Motion To Dismiss (#7),[1] and Plaintiff filed a response (#11) to the motion. Defendant's motion raised factual issues regarding the relationship between McLean Asphalt and Plaintiff. In April 2009, the Court held a hearing on the motion. The Court noted that Defendant's motion had raised matters outside the pleadings and announced that, pursuant to Federal Rule of Civil Procedure 12(d), the Court would treat the motion as one for summary judgment under Rule 56. FED. R. CIV. P. 12(d). Accordingly, the Court gave Plaintiff leave to file an additional response. Defendant then raised an additional basis for dismissal and the Court gave Defendant leave to file an amended motion to dismiss. In April 2009, Defendant filed its Amended Motion To Dismiss (#27). The deadline for Plaintiff's response was May 11, 2009.

---

[1] In its motion, Defendant McLean County Asphalt Company noted that Plaintiff had incorrectly referred to it as McLean County Ready Mix. (#7, ¶ 4.)

Plaintiff filed not written opposition.  After reviewing the pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#27)** be **GRANTED.**

### I.  Background

In his complaint, Plaintiff, an African-American, alleges that his employer, Defendant Blager Concrete, discriminated against him based on his race.  While he was working for Blager Concrete as a truck driver, Plaintiff got a traffic ticket because his truck was overweight.  His employer did not pay the fine for the ticket, even though it had paid fines for similar tickets received by white truck drivers in the past.  Because the fine was not paid, Plaintiff lost his commercial drivers license.  As a result, his employer fired him.  Plaintiff alleges that his union, Defendant Teamsters Local 26, "did not push this matter, on my behalf."  (#4, p. 8.)

### II.  Discussion

As an initial matter, Defendant's counsel is advised to familiarize himself with a court's local rules before filing documents or motions.  Local Rule 7.1(B)(1) for the Central District of Illinois provides as follows:

> <u>Every</u> motion raising a question of law (except summary judgment motions, which are governed by Subparagraph (D) of this Rule) shall be accompanied by a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the Rule under which the motion is filed.

CDIL-LR 7.1(B)(1) (emphasis in original).

Defendant McLean Asphalt argues that the Court should dismiss the claims against it because (1) McLean Asphalt does not have an employment relationship with Plaintiff, nor is it in privity of contract with Plaintiff; and, alternatively, (2) Plaintiff never filed a charge of discrimination against Defendant McLean Asphalt.

A plaintiff may not bring a Title VII suit in federal court without first filing a timely complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), describing the alleged discriminatory conduct. *Bennett v. Roberts*, 295 F.3d 687, 695 n.6 (7th Cir. 2002) ("As a general rule, before a plaintiff may institute an action in federal court under Title VII, he must file a timely complaint with the EEOC detailing the discriminatory conduct that forms the basis of his allegations.").

Here, Plaintiff filed two charges of discrimination. (#16-2, #16-5.) Plaintiff did not list McLean Asphalt as a discriminating party on either of his EEOC charges and he did not describe any discriminatory conduct by McLean Asphalt. Accordingly, the Court recommends that Defendant's Rule 12(b)(1) Motion To Dismiss (#21) be granted.

Regarding Defendant's other argument, while it appears that Plaintiff was never an employee of McLean Asphalt, the Court need not consider this factual issue because Defendant's second argument is dispositive.

### III.  Summary

For the reasons stated above, this Court recommends that Defendant's Motion To Dismiss **(#27)** be **GRANTED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 14th day of May, 2009.

                                      s/ DAVID G. BERNTHAL
                                      U.S. MAGISTRATE JUDGE