UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHN H. HENDRIX, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-CV-2027 |
| ) | |
| BLAGER CONCRETE CO., and MCLEAN ) | |
| COUNTY READY MIX CO., ) | |
| ) | |
| Defendants. ) | |

**OPINION**

This case is before the court for ruling on a Motion for Summary Judgment (#41) filed by Defendant, Blager Concrete Co., and a pro se Motion for Summary Judgment (#43) filed by Plaintiff, John Hendrix. This court has carefully reviewed the arguments of the parties and the documents provided. Following this careful and thorough review, this court concludes that Plaintiff did not file a timely charge of discrimination. Accordingly, Defendant's Motion for Summary Judgment (#41) is GRANTED and Plaintiff's Motion for Summary Judgment (#43) is DENIED.

FACTS

In the spring of 2004, Defendant entered into an employment agreement with Plaintiff, whereby Plaintiff would operate a concrete truck. All concrete trucks owned and operated by Defendant have air brakes. In order to operate the concrete trucks, the truck driver must have a Commercial Driver's License with an air brake qualification.

In March 2005, Defendant loaned two trucks and drivers to the McLean County Asphalt Company (McLean Asphalt). Plaintiff, who is African American, was one of the drivers loaned to McLean Asphalt. The other driver was not a member of a racial minority. Both Plaintiff and the other loaned driver received a citation for operating an overweight vehicle. Upon returning in the

evening to Defendant's office, Plaintiff and the other driver presented the overweight citations to David Blager (Blager), Defendant's Vice President. According to Defendant, it refused to pay both overweight vehicle citations on the basis that the citations were received due to driver error. Blager stated in his affidavit that Defendant has not paid an overweight vehicle citation for any concrete truck driver when the concrete truck and driver have been loaned to another concrete company. Plaintiff did not pay for the overweight vehicle citation he received.

In his affidavit, Plaintiff stated that he thought Defendant and McLean Asphalt were going to take care of the citation. He stated that, at some unspecified time, he was arrested for the overweight citation which had not been paid. Plaintiff stated that he informed his union representative of this matter and was then told that Defendant was not going to pay the ticket because it was driver fault.

At some point prior to October 27, 2007, Plaintiff's license was suspended because of his failure to pay the overweight citation. On October 27, 2007, Plaintiff took the Commercial Driver's License examination and failed a portion of the examination, specifically the air brake qualification. On November 2, 2007, Blager informed Plaintiff that he was required to have a valid Commercial Driver's License with an air brake qualification in order to drive trucks. Blager told Plaintiff that, if he was unable to produce a valid Commercial Driver's License with an air brake qualification by December 5, 2007, his employment with Defendant would be terminated. Plaintiff took the examination on December 4, 2007, and did not pass. His employment was terminated on December 5, 2007. According to Plaintiff, he did pass the examination on December 11, 2007, but Defendant did not allow him to return to work.

PROCEDURAL HISTORY

On April 8, 2008, Plaintiff filed a charge of discrimination against Defendant with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC). Plaintiff stated that he was discharged by Defendant on December 5, 2007, because of his race and age, 52 years old. On June 18, 2008, the EEOC sent Plaintiff a Dismissal and Notice of Rights, which stated that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes." The Notice stated that a lawsuit must be filed within 90 days of Plaintiff's receipt of the Notice. Plaintiff did not file a lawsuit within 90 days of receiving the Notice.

On October 7, 2008, Plaintiff filed another charge of discrimination with the IDHR and the EEOC. He alleged that, during his employment with Defendant, he "was subjected to racial harassment and different terms and conditions of employment." He also alleged retaliation and age discrimination. On January 8, 2009, the EEOC sent Plaintiff a Dismissal and Notice of Rights. The EEOC again stated that it was unable to conclude that the information obtained established a violation of the statutes. The Notice also stated that a lawsuit must be filed within 90 days of Plaintiff's receipt of the Notice.

On February 2, 2009, Plaintiff filed his pro se Complaint (#4) in this court against Defendant, McLean Asphalt and Teamsters Local 26 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. Plaintiff alleged that he was fired by Defendant because of an overweight violation. Plaintiff alleged that Defendant did not pay for his overweight ticket and he lost his Commercial Driver's License. Plaintiff alleged Defendant paid tickets for white drivers. Plaintiff also alleged that his union did not pursue the matter on his behalf.

Magistrate Judge David G. Bernthal issued three Reports and Recommendations (#29, #30,

#32) in this case. On May 20, 2009, this court entered an Order (#33) which accepted two of Judge Bernthal's Reports and Recommendations. This court dismissed Teamsters Local 26 as a defendant because Plaintiff did not include the union as a Respondent in the charges of discrimination he filed. This court also agreed with Judge Bernthal that Plaintiff's claim that he was terminated because of race discrimination had to be dismissed. Plaintiff's charge of discrimination alleging that his termination was based upon race discrimination was dismissed on June 18, 2008, and Plaintiff did not file a complaint related to this conduct within 90 days of receiving the Dismissal and Notice of Rights. This court further agreed that any claims related to racial harassment, retaliation and age discrimination had to be dismissed. These claims were included in Plaintiff's second charge of discrimination and Plaintiff's pro se Complaint was filed within 90 days of the dismissal of his second charge of discrimination. However, Plaintiff's pro se complaint did not include any allegations of racial harassment, retaliation and age discrimination. Therefore, this court ruled that the only claim in Plaintiff's pro se Complaint (#4) against Defendant that remained pending was the claim that Plaintiff was subject to different terms and conditions of employment based on race. This court agreed with Judge Bernthal that this claim was included in Plaintiff's second charge of discrimination and pro se Complaint.

On June 3, 2009, this court entered an Order (#35) and accepted Judge Bernthal's third Report and Recommendation. This court dismissed McLean Asphalt as a defendant because it was not named as a Respondent in Plaintiff's charges of discrimination.

On March 10, 2010, Defendant filed a Motion for Summary Judgment (#41). Defendant argued that it was entitled to summary judgment because Plaintiff did not file a timely charge of discrimination regarding Plaintiff's claim that Defendant discriminated against him because it did

4

not pay his ticket but paid for tickets for white drivers. Defendant also argued that Plaintiff could not establish a prima facie case of discrimination because the evidence showed that Defendant treated similarly situated drivers similarly without discriminatory intent.

On April 1, 2010, Plaintiff filed a Motion for Summary Judgment (#43). Plaintiff provided a lengthy recitation regarding why he received the overweight citation in 2005 and why it was not his fault. Plaintiff also argued that Defendant paid for citations issued to white drivers. Plaintiff did not provide details regarding the circumstances under which Defendant paid citations for white drivers. In addition, Plaintiff did not contradict Blager's affidavit which stated that Defendant did not pay for the overweight citations issued in March 2005 to Plaintiff and the other driver, who was not a member of a racial minority. Much of Plaintiff's recitation of facts and argument related to the termination of his employment on December 5, 2007. However, that claim has been dismissed and is not before this court.

## ANALYSIS

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Burwell v. Pekin Cmty. High Sch. Dist. 303, 213 F. Supp. 2d 917, 929 (C.D. Ill. 2002). However, "the mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004).

## TIMELY EEOC CHARGE

In Illinois, a Title VII plaintiff must file a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1), see also Hoffer v. Manchester Tank & Equip. Co., 2010 WL 569905, at *3 (C.D. Ill. 2010).[1] Accordingly, before challenging an unlawful employment practice under Title VII, an employee must first file a timely EEOC charge. Chaudry v. Nucor Steel-Indiana, 546 F.3d 832, 836 (7th Cir. 2008). "Such a charge must be filed within 300 days after the alleged unlawful employment practice occurred or else the employee may not challenge the practice in court." Chaudry, 546 F.3d at 836. The 300-day limit "begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows [he] has been injured," and not when the plaintiff determines that the injury was unlawful. Sharp v. United Airlines, Inc., 236 F.3d 368, 372 (7th Cir. 2001), quoting Cada v. Baxter Healthcare Corp., 920 F.2d 446, 449-50 (7th Cir. 1990); see also Randolph v. Coca Cola Bottling Co., 2010 WL 381430, at *5 (S.D. Ind. 2010). Under the notice rule, the 300-day limitations period

---

[1] Illinois is a "deferral state," meaning that it has "a State or local agency with authority to grant or seek relief from such [unlawful employment] practice . . . ." See Hoffer, 2010 WL 569905, at *3, quoting 42 U.S.C. § 2000e-5(e)(1).

commences at the time the employment decision was made and communicated to the employee. Stepney v. Naperville Sch. Dist. 203, 392 F.3d 236, 240 (7th Cir. 2004).

In this case, this court must construe the evidence in the light most favorable to Plaintiff and therefore accepts Plaintiff's statement that he thought Defendant and McLean Asphalt were going to take care of the overweight citation after he received it in March 2005. However, according to Plaintiff, at some point after that date he was arrested for not paying the overweight citation and was told by Defendant that it would not pay for the citation. At that time, Defendant clearly communicated its decision not to pay for the citation to Plaintiff and Plaintiff had 300 days to file his charge of discrimination alleging that Defendant discriminated against him regarding the terms and conditions of his employment because Defendant refused to pay for his citation while it paid for citations issued to white truck drivers. Unfortunately, Plaintiff did not provide any information regarding the date of his arrest. However, based upon Plaintiff's recitation of the facts, it is clear that the arrest occurred before his Commercial Driver's License was suspended, which was prior to October 27, 2007. Plaintiff's second charge of discrimination was not filed with the EEOC until October 7, 2008, so only acts occurring on or after December 10, 2007, fall within the 300 day limitations period. See West v. Ill State Bd. of Educ., 2009 WL 3671683, at *7 (N.D. Ill. 2009). Because Plaintiff had notice of the allegedly discriminatory employment action prior to October 27, 2007, his charge of discrimination was not timely. Therefore, Plaintiff's only remaining claim is time-barred and Defendant is entitled to summary judgment on this claim. See Randolph, 2010 WL 381430, at *5.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#41) is GRANTED. Judgment is entered

in favor of Defendant and against Plaintiff.

    (2) Plaintiff's Motion for Summary Judgment (#43) is DENIED.

    (3) This case is terminated. Accordingly, the final pretrial conference scheduled on July 9, 2010, at 3:30 p.m., and the jury trial scheduled on July 26, 2010, at 9:00 a.m., are hereby VACATED.

ENTERED this   27TH   day of May, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE